UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WESTERN HERITAGE**
**INSURANCE COMPANY,**

    **Plaintiff,**

v.

**JIMBO'S ENTERPRISES, INC.,**          NO.  04-CV-0722-DRH
**JESSIE C. DINE, MAC & MICK'S**
**SPORTS BAR & GRILL, INC.,**
**JAMES B. MCKECHAN, and**
**JERRY M. COOKE,**

    **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Western Heritage Insurance Company brought this Declaratory Judgment action, pursuant to **28 U.S.C. § 2201** and **28 U.S.C. § 1332**, against Jimbo's Enterprises, Inc. ("Jimbo's Enterprises"), Mac & Mick's Sports Bar & Grill, Inc., James B. McKechan, and Terry M. Cooke on October 10, 2004 (Doc. 1).  On November 15, 2004, Western Heritage filed a First Amended Complaint for Declaratory Judgement to correct the name of Defendant Cooke (Doc. 8).[1]  Western Heritage seeks a declaration by this Court that it does not owe a duty to defend or indemnify Defendants pursuant to an insurance policy issued to Jimbo's Enterprises

---

[1] In its original complaint, Western Heritage named him Terry M. Cooke and in the First Amended complaint Western Heritage named him Jerry M. Cooke

by Western Heritage. The issue in Western Heritage's first amended complaint stems from a Madison County, Illinois Circuit Court case containing a negligence claim and a Illinois Dram Shop Act claim in which an assault and battery occurred at Mac & Mick's which leases space from Jimbo's Enterprises. ***See Dine v. Mac & Mick's Sports Bar & Grill,* Case No. 04-L-750**.

On January 11, 2005, the Court denied Defendants Jimbo's Enterprises and Dine's motions to dismiss or stay as to the duty to defend issue and granted the motions to stay as to the duty to indemnify issue (Doc. 21). Thereafter on March 30, 2005, the Court entered default judgment against Defendants Mac & Mick's Sports Bar & Grill,Inc., James B. McKechan and Jerry M. Cooke (Doc. 36).

Pending before the Court is Western Heritage's April motion for summary judgment (Doc. 38). Western Heritage argues that it is entitled to summary judgment because all the allegations in the underlying complaint are related either to the failure to prevent an assault and battery or liability under the Illinois Dram Shop Act, and are therefore specifically excluded from coverage under the Commercial General Liability Insurance policy that Western Heritage issued to Jimbo's Enterprises. Thus, Western Heritage does not have a duty to defend or indemnify Count I (the Illinois Dram Shop Act claim) and Count II (the assault and battery claims) of the underlying civil action. As of this date, neither Jimbo's Enterprises nor Jessie Dine (the remaining Defendants to this litigation) have responded to the motion for summary judgment. Pursuant to Local Rule 7.1(c), the Court considers this failure to respond an admission of the merits of the motion for

summary judgment.[2]  Because Defendants have failed to respond and there are no genuine issues of material fact, the Court finds that Western Heritage does not have a duty to defend or indemnify Defendants in this matter.

Accordingly, the Court **GRANTS** Western Heritage's motion for summary judgment (Doc. 38).  The Court **ORDERS** the Clerk of the Court to enter judgment in favor of Western Heritage and against Defendants Jimbo's Enterprises, Inc., Mac & Mick's Sports Bar & Grill, Inc., James B. McKechan, Jerry M. Cooke and Jessie C. Dine on the First Amended Complaint for Declaratory Judgment

**IT IS SO ORDERED.**

Signed this 11th day of May, 2005.

/s/   David RHerndon
**United States District Judge**

---

[2]**Local Rule 7.1(c)** provides in part: "An adverse party shall have **thirty (30) days** after the service (*see* FED. R. CIV. P. 6) of the movant's motion in which to serve and file an answering brief.  Failure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion."